1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON

7  JASON BELKNAP FARMER,
8                              Plaintiff,          NO:  2:15-CV-47-RMP
      v.
9                                                  ORDER GRANTING IN PART AND
   CITY OF SPOKANE, and RHIAN                      DENYING IN PART DEFENDANTS'
10 WILKINSON,                                      MOTION TO DISMISS FOR FAILURE
                                                   TO STATE A CLAIM AND GRANTING
11                           Defendants.           MOTION FOR JUDICIAL NOTICE

12

13      Before the Court is Defendants' Motion to Dismiss for Failure to State a

14 Claim and Motion for Judicial Notice, **ECF No. 8**.  The Court has reviewed the

15 motions, all relevant filings, and is fully informed.

16                            BACKGROUND

17      Plaintiff Jason B. Farmer asserts that in September 2013 that he found a lost

18 dog in a Spokane Valley neighborhood.  ECF No. 1 at 2.  Mr. Farmer allegedly

19 discovered an online posting requesting return of the dog, and contacted, via text

20 message, the individuals who created that post indicating his possession of the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 1

animal.  ECF No. 1 at 2.  After various failed attempts to return the dog, including a dispute over whether or not Mr. Farmer should receive compensation for his care of the animal, Mr. Farmer and the true owner, Ms. Amanda Watson, succeeded in transferring possession of the dog on November 23, 2013.  ECF No. 1 at 2-4, ECF No. 8 at 3.  Shortly thereafter, Spokane Police Officer Rhian Wilkinson arrested Mr. Farmer.  ECF No. 1 at 4, ECF No. 8 at 3.  Mr. Farmer alleges that Officer Wilkinson arrested him on suspicion of extortion and theft.  ECF No. 1 at 4.

At the time of Mr. Farmer's arrest, there was an outstanding bench warrant for his arrest on Third Degree Driving With License Suspended ("DWLS").  ECF No. 9 at 2.  Once in custody, Mr. Farmer pleaded guilty to DWLS and was sentenced to ten days imprisonment, from November 23, 2013, to December 3, 2013.  ECF No. 9 at 7.  Mr. Farmer was held at the Spokane County Jail from December 3, 2013, to December 24, 2013, until he posted bond.  ECF No. 1 at 4.

Mr. Farmer alleges three causes of action against Defendants:  (1) that Officer Wilkinson's arrest of him was unlawful; (2) that the City of Spokane is liable for the unlawful arrest under the doctrine of respondeat superior; and (3) that Officer Wilkinson committed the tort of false imprisonment when he unlawfully arrested and imprisoned Mr. Farmer.  ECF No. 1.  The unlawful arrest claim is brought pursuant to 42 U.S.C. § 1983 and false imprisonment is a supplemental claim under Washington state law.  ECF No. 1.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 2

Defendants move to dismiss the complaint on several bases:  (1) that Mr. Farmer has failed to state a claim of unlawful arrest upon which relief may be granted because Officer Wilkinson had probable cause to arrest him; (2) that Officer Wilkinson is entitled to qualified immunity because he had probable cause to arrest; (3)  that *Heck v. Humphrey* bars Mr. Farmer's claim of unlawful arrest; (4) that the City of Spokane cannot be held liable under a theory of respondeat superior because a municipality has no respondeat superior liability under § 1983; (5) that Mr. Farmer has failed to state a claim of false imprisonment because he was lawfully imprisoned on another charge; and (6) that *Heck v. Humphrey* bars Mr. Farmer's claim of false imprisonment.

DISCUSSION

**A.    Standard of Review**

A defendant must file a Rule 12(b)(6) motion to dismiss for failure to state a claim before filing a responsive pleading.  *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).  When a party has answered the complaint prior to filing a motion to dismiss, the court construes the motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

In reviewing a defendant's motion under Rule 12(c), the district court views the facts as presented in the pleadings in the light most favorable to the plaintiff,

accepting as true all the allegations in their complaint and treating as false those allegations in the answer that contradict the plaintiff's allegations. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301, n.2 (9th Cir. 1992); *accord Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Additionally, the court views plain errors within the complaint in the light most favorable to the plaintiff as "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

Judgment on the pleadings is proper when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)). Thus, "a court must assess whether a complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Defendants moved to dismiss the complaint after they filed an answer. *See generally* ECF Nos. 3 and 8. The Court therefore construes the motion as a motion

for judgment on the pleadings.  The Court will accept as true all allegations in Mr.

Farmer's complaint, ECF No. 1, and assume as false those allegations in the

answer, ECF No. 3, that contradict Mr. Farmer's allegations.  Additionally, since

the Court is treating the motion as a motion for judgment on the pleadings and not

a motion for summary judgment, the Court may not consider any extrinsic

evidence provided by the parties.

**B.    Judicial Notice**

Defendants move this Court to take judicial notice of the following certified

exhibits attached to their motion:  a bench warrant issued on November 6, 2013,

for Mr. Farmer's arrest; a Spokane County Municipal Court Judgment and

Sentencing Order dated December 3, 2013; and a Statement of Defendant on Plea

of Guilty dated December 3, 2013.  ECF No. 9.

Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  However, the Ninth Circuit has recognized two exceptions

to the rule precluding a court from considering evidence outside the pleadings on a

Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the

pleadings.  The first exception to the rule permits a court to "consider material

1   which is properly submitted as part of the complaint on a motion to dismiss

2   without converting the motion to dismiss into a motion for summary judgment."

3   *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks and

4   citation omitted).  "If the documents are not physically attached to the complaint,

5   they may be considered if the documents' authenticity . . . is not contested and the

6   plaintiff's complaint necessarily relies on them."  *Id.* (internal citation omitted).

7   The second exception permits "a court [to] take judicial notice of matters of public

8   record."  *Id.* (internal citation omitted).

9        Mr. Farmer makes no mention in his complaint of the documents of which

10  Defendants move the Court to take judicial notice.  Therefore, the first exception to

11  Rule 12(d) does not apply here.  However, all three documents are matters of

12  public record.  Accordingly, the Court properly may take judicial notice of the

13  bench warrant, the Judgment and Sentence Order, and the Statement of Plea.

14  Defendants' motion for judicial notice is granted.

15  **C.     Judgment on the Pleadings**

16          *1.     Unlawful Arrest*

17                  a.     Failure to State a Claim

18       Mr. Farmer argues that his arrest for extortion and theft was unlawful

19  because no reasonable officer would have believed there was probable cause to

20  arrest him for extortion or theft based on the facts and circumstances known at the

1    time.  ECF No. 1 at 4.  Defendants argue that Officer Wilkinson had probable

2    cause to arrest Mr. Farmer.  ECF No. 3 at 4, 6.

3         To successfully bring a claim under 42 U.S.C. § 1983, a plaintiff must

4    "allege the violation of a right secured by the Constitution and laws of the United

5    States, and must show that the alleged deprivation was committed by a person

6    acting under color of state law."  *W. v. Atkins*, 487 U.S. 42, 48 (1988).  An arrest

7    does not violate the Fourth Amendment if probable cause exists as "defined in

8    terms of facts and circumstances 'sufficient to warrant a prudent man in believing

9    that the (suspect) had committed or was committing an offense.'"  *Gerstein v.*

10   *Pugh*, 420 U.S. 103, 111-12 (1975) (quoting *Beck v. Ohio*, 379 U.S. 89, 91

11   (1964)).  Whether probable cause exists depends upon the reasonable conclusion

12   drawn from the facts known to the arresting officer at the time of the arrest.

13   *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (quoting *Maryland v. Pringle*, 540

14   U.S. 366, 371 (2003)).

15        In *Devenpeck*, a defendant was pulled over by Washington state troopers

16   who had reason to suspect that he was impersonating a police officer by using

17   flashing headlights.  *Devenpeck*, 543 U.S. at 148-49.  During the stop, the officers

18   noticed the defendant was recording their encounter.  *Devenpeck*, 543 U.S. at 149.

19   The officers arrested the defendant for making an unlawful recording in violation

20   of Washington's Privacy Act and issued a citation for his flashing headlights.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 7

*Devenpeck*, 543 U.S. at 150-51.  Eventually, the state dismissed all charges because the officer was mistaken that recording the police violated Washington law.  *Devenpeck*, 543 U.S. at 151.

The defendant filed a § 1983 action against the arresting officers for unlawful arrest and false imprisonment, alleging the officers arrested him without probable cause.  *Id.*  The Supreme Court concluded that although the stated reason for arresting the defendant was violation of the Privacy Act, his arrest did not violate the Fourth Amendment because the officers also were aware of facts providing them probable cause to arrest him for impersonating a police officer.  *Id.* at 152–55 (citing *Whren v. United States*, 517 U.S. 806, 812–13 (1996)).

Defendants argue that Officer Wilkinson had probable cause to arrest Mr. Farmer because there was an outstanding arrest warrant for Mr. Farmer for DWLS. ECF No. 3 at 7.  However, unlike the officers in *Devenpeck* who were aware of two reasons to arrest the defendant but only articulated one reason when arresting him, there is no evidence in the record that Officer Wilkinson personally was aware of the existence of the outstanding warrant for DWLS when he arrested Mr. Farmer.  Viewing the facts in the light most favorable to Mr. Farmer, the outstanding warrant for DWLS did not provide Officer Wilkinson with probable cause to arrest Mr. Farmer, because there is nothing in the record before the Court of Officer Wilkinson's knowledge of the warrant.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 8

1    Defendants also allege in their Answer that Officer Wilkinson had seen

2  several text messages that Mr. Farmer allegedly sent to the dog owners, attempting

3  to extort them.  ECF No. 3 at 3.  However, the Court may not consider these

4  allegations on a Motion for Judgment on the Pleadings because they are not

5  supported by Mr. Farmer's allegations in the complaint.  *Hoeft v. Tucson Unified*

6  *Sch. Dist.*, 967 F.2d 1298, 1301, n.2 (9th Cir. 1992).  There is no evidence in the

7  record that the Court may properly consider on a motion for judgment on the

8  pleadings that Officer Wilkinson was personally aware of facts sufficient to

9  constitute probable cause to arrest Mr. Farmer for extortion and theft.  Therefore,

10  Defendants have failed to show that Officer Wilkinson had personal knowledge of

11  facts sufficient to constitute probable cause to arrest Mr. Farmer.

12    The Court infers that Defendants may be relying on the collective

13  knowledge doctrine for their assertion that the existing DWLS warrant provided

14  probable cause for Officer Wilkinson to arrest Mr. Farmer.  The collective

15  knowledge doctrine "allows courts to impute police officers' collective knowledge

16  to the officer conducting a stop, search, or arrest."  *United States v. Villasenor*, 608

17  F.3d 467, 475 (9th Cir. 2010).  It generally applies in two situations, both of which

18  require officers working in tandem and sharing information.  The first situation is

19  "where law enforcement agents are working together in an investigation but have

20  not explicitly communicated the facts each has independently learned."

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 9

*Villasenor*, 608 F.3d at 475 (quoting *United States v. Ramirez*, 473 F.3d 1026, 1032 (9th Cir. 2007)).  The second situation is "where an officer with direct personal knowledge of all the facts necessary to give rise to reasonable suspicion directs or requests that another officer conduct a stop, search or arrest."  *Id.* at 475. If either scenario is present, the court may impute one officer's knowledge constituting probable cause to another officer who conducted the arrest.

There is no evidence in the record that Officer Wilkinson was either directed to arrest Mr. Farmer by another officer with knowledge sufficient to constitute probable cause, or that Officer Wilkinson was part of an investigative team which together had knowledge of and communicated the necessary facts supporting probable cause.  Therefore, the collective knowledge doctrine does not apply.

Viewing the facts in the light most favorable to Mr. Farmer, the Court finds that there is a genuine issue of material fact regarding whether Officer Wilkinson had probable cause to arrest Mr. Farmer.  On the face of the complaint, Mr. Farmer has stated a claim upon which relief may be granted.

### b.    Qualified Immunity

Defendants contend that Officer Wilkinson is entitled to qualified immunity because he had probable cause to arrest Mr. Farmer and therefore acted within the law.  ECF No. 3 at 4, 6.

Qualified immunity protects a police officer whose "conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). The question of qualified immunity should be resolved in the defendant's favor if the plaintiff fails to allege the violation of a clearly established constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991). For a constitutional right to be established so that qualified immunity does not apply, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Having determined that there is a genuine issue of material fact regarding whether Officer Wilkinson had probable cause to arrest Mr. Farmer, the Court finds that there is no basis on which to grant Officer Wilkinson qualified immunity from this suit on the current record.

c.    *Heck v. Humphrey*

Defendants move to dismiss Mr. Farmer's § 1983 unlawful arrest claim under *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a plaintiff may not bring a federal civil rights claim if a finding in his favor on that claim would necessarily imply the invalidity of his criminal sentence. The Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional convictions
> or imprisonment, or for other harm caused by actions whose

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 11

unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87.

In *Heck*, the Supreme Court effectively created a rule of abstention. If the court determines that "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487 (emphasis in original). Thus, the Court must determine whether judgment in favor of Mr. Farmer would imply that his conviction for DWLS or resulting sentence is invalid.

Viewing the facts in the light most favorable to Mr. Farmer, the Court presumes that Mr. Farmer was arrested for extortion and theft. There is no evidence in the record properly before the Court showing that Officer Wilkinson arrested Mr. Farmer for DWLS or that Officer Wilkinson was even aware of the existence of the outstanding bench warrant for DWLS. Although the evidence shows that Mr. Farmer eventually pleaded guilty and was sentenced to DWLS, Officer Wilkinson may have discovered the existence of the outstanding bench warrant, and thus the basis for probable cause to arrest Mr. Farmer for DWLS,

sometime after arresting him for extortion and theft.  The timeline of these events is unclear.

At this time, with the information available to this Court, the Court finds that *Heck* does not bar Mr. Farmer's unlawful arrest claim.  It is not clear that a finding in Mr. Farmer's favor would render invalid his sentence or conviction for DWLS.

On the face of the pleadings, it appears that Mr. Farmer has stated a valid claim to relief and that there are genuine issues of material fact yet to be resolved.  Therefore, Defendants are not entitled to judgment as a matter of law on Mr. Farmer's claim of unlawful arrest.

### 2.     *Respondeat Superior*

Mr. Farmer claims that Spokane is liable for Officer Wilkinson's actions under the doctrine of respondeat superior.

Municipalities are "persons" subject to suit under § 1983, *Monell v. N.Y.C. Dept. of Soc. Serv's*, 436 U.S. 658, 690 (1978), but neither municipalities nor individuals may be subject to liability under § 1983 based on respondeat superior.  *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) ("[V]icarious liability may not be imposed on a state or municipal official for acts of lower officials in the absence of a state law imposing such liability.").  Mr. Farmer has

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 13

cited no Washington statute creating an exception to this rule.  *See generally* ECF

No. 1 at 4.  Regardless, "liability may attach if an employee commits an alleged

constitutional violation pursuant to a formal governmental policy or a longstanding

practice or custom which constitutes the standard operating procedure."  *Hervey v.*

*Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (internal quotation marks omitted).

Respondeat superior is not a cognizable legal theory against Spokane absent

an allegation that Officer Wilkinson acted in compliance with a formal policy,

practice, or custom.  Mr. Farmer has not pleaded that Officer Wilkinson's actions

were taken in accordance with an official policy or practice.  *See generally* ECF

No. 1.  Therefore, Mr. Farmer has failed to plead sufficient facts forming a facially

plausible claim under §1983 against Spokane.  Mr. Farmer's allegations against the

City of Spokane fail to state a claim upon which relief may be granted and

therefore are dismissed.

   3.   *False Imprisonment*

      a.   Supplemental Jurisdiction

A federal district court shall have supplemental jurisdiction over all other

claims that are part of the same case or controversy as the claims over which the

court has original jurisdiction.  28 U.S.C. § 1367(a).  If a state law claim arises out

of a "common nucleus of operative fact," the court may exercise supplemental

jurisdiction over that state law claim.  *United Mine Workers v. Gibbs*, 383 U.S. 715

(1966).  When determining whether to exercise supplemental jurisdiction, a court should consider the "concerns of judicial economy, convenience, fairness, and comity."  If a district court declines to exercise supplemental jurisdiction, it must explain how declining jurisdiction serves these concerns.  *Smith v. K-Mart Corp.*, 899 F. Supp. 503, 505 (E.D. Wash. 1995).

All of Mr. Farmer's claims arise out of a "common nucleus of operative fact."  Therefore, this Court may exercise supplemental jurisdiction over his state law claim of false imprisonment.  *United Mine Workers*, 383 U.S. at 725.

### b.    *Heck v. Humphrey*

Defendants argue that *Heck v. Humphrey* bars Mr. Farmer's false imprisonment claim because a finding in his favor would necessarily imply the invalidity of his DWLS sentence.

Mr. Farmer seeks redress for the twenty-one days he was imprisoned in Spokane County Jail.  ECF No. 1 at 4.  Although evidence in the record shows the existence of an outstanding warrant for DWLS at the time of Mr. Farmer's arrest, Defendants have failed to provide any evidence that Officer Wilkinson was aware of the existence of this warrant when he arrested Mr. Farmer.  Evidence in the record also shows that Mr. Farmer eventually pleaded guilty to DWLS, and at some unknown time, was charged with extortion and theft.  However, the timeline of these events is unclear.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 15

At this time, with the information available to this Court, the Court finds that *Heck* does not bar Mr. Farmer's false imprisonment claim. It is not clear that a finding in Mr. Farmer's favor would render invalid his sentence, conviction, or imprisonment for DWLS.

### c. Failure to State a Claim

Mr. Farmer alleges that Officer Wilkinson is responsible for Mr. Farmer's false imprisonment in Spokane County Jail.

To bring a claim of false imprisonment, the plaintiff must "show that the defendant intentionally confined him without justification." *Dunn v. Hyra*, 676 F. Supp. 2d 1172, 1195 (W.D. Wash. 2009). Generally, in Washington, a defendant law enforcement officer may raise "probable cause [as] a complete defense to an action for false arrest [or] false imprisonment." *McBride v. Walla Walla County*, 95 Wn. App. 33 (1999).

However, lawful arrest does not eliminate consideration of the circumstances surrounding the subsequent imprisonment to determine whether it was unlawful. *Stalter v. State*, 113 Wn. App. 1, 15 (2002) *aff'd in part, rev'd in part on other grounds*, 151 Wn. 2d 148 (2004). In Washington, if an arrestee is detained in jail "for more than a reasonable time, the detaining [agency] is liable in an action for damages." *Kellogg v. State*, 94 Wn. 2d 851, 854 (1980) (quoting *Housman v. Byrne*, 9 Wn. 2d 560, 561 (1941)). Finally, the filing of criminal

1    charges is "a superseding intervening cause that would limit any liability for . . .

2    false imprisonment to damages accruing before criminal charges were filed by a

3    fully informed prosecutor." *Youker v. Douglas Cnty.*, 162 Wn. App. 448, 467

4    (2011).  Timely filed charges eliminate the basis for a plaintiff's argument of false

5    imprisonment.  *See Youker*, 162 Wn. App. at 466.

6        Mr. Farmer's claim for false imprisonment is based on his arrest and

7    subsequent imprisonment for extortion and theft.  Mr. Farmer was held from

8    December 3, 2013, to December 24, 2013.  *See* ECF No. 1 at 4.  Charging Mr.

9    Farmer with extortion and theft would constitute an intervening event that limits

10    any liability to only those potential damages accruing prior to the charging event.

11    *See Youker*, 162 Wn. App. at 467.  However, the record is unclear as to when Mr.

12    Farmer was charged with extortion and theft.

13        Therefore, viewing the facts in the light most favorable to Mr. Farmer, there

14    is no intervening event that cuts off liability.  Mr. Farmer has pleaded a claim for

15    false imprisonment that may entitle him to relief.  Officer Wilkinson has failed to

16    establish on the face of the pleadings that no material issue of fact remains to be

17    resolved and that he is entitled to judgment as a matter of law.

18        Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for

19    Failure to State a Claim and Motion for Judicial Notice, **ECF No. 8**, is

20    **GRANTED IN PART AND DENIED IN PART**.  The City of Spokane is

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ~ 17

1    **DISMISSED with prejudice**.  The District Court Clerk is directed to enter this

2    Order and provide copies to counsel.

3           **DATED** this 30th day of July, 2015.

4                                              _____*s/ Rosanna Malouf Peterson*_____
                                               ROSANNA MALOUF PETERSON
5                                              Chief United States District Court Judge